UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHERRY KWAAK, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>PFIZER INC.,<br>a Delaware Corporation,<br><br>        Defendant. | Civil Action No. 05-CV-10591-NMG |

**ANSWER OF DEFENDANT PFIZER INC. TO
PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Pfizer Inc. ("Pfizer"), by and through its undersigned attorneys, responds to plaintiff's First Amended Complaint ("Complaint") as follows:

1. Denies the allegations of paragraph 1 of the Complaint, except admits that plaintiff purports to bring the action individually and on behalf of all consumers who purchased Pfizer's Listerine® Antiseptic Mouthrinse ("Listerine") from June 2004 to the present; admits that Listerine is an essential oil-containing antiseptic mouthwash; and avers that the proper name of defendant is Pfizer Inc.

2. Denies the allegations of paragraph 2 of the Complaint and refers to advertising for the contents thereof.

3. Denies the allegations of paragraph 3 of the Complaint.

4. Denies the allegations of paragraph 4 of the Complaint, except admits that plaintiff purports to bring this action on behalf of herself and a putative class of Massachusetts consumers.

31037005.WPD

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Complaint.

6. Admits the allegations of paragraph 6 of the Complaint.

## THE CLASS

7. Denies that this action is maintainable as a class action, but admits that plaintiff purports to seek "certification of a class of Massachusetts purchasers of Listerine defined as: All individuals who purchased Listerine for consumption and not resale in the Commonwealth of Massachusetts after June 1, 2004, up to and excluding the present. Excluded from this class are employees, officers, and directors of Pfizer;" and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding whether Plaintiff is a member of such putative class

8. Denies the allegations of paragraph 8 of the Complaint.

9. Denies the allegations of paragraph 9 of the Complaint.

10. Denies the allegations of paragraph 10 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's counsel's experience and/or conflicts or plaintiff's understanding of her claims or her state of mind.

## FACTUAL ALLEGATIONS

11. Denies the allegations of paragraph 11 of the Complaint, except admits that Listerine is an over-the-counter chemotherapeutic mouthwash containing essential oils used in oral hygiene, that Listerine has adjunctive benefits when used in conjunction with regular flossing, that Pfizer markets Listerine, and that Pfizer has stated that Listerine is not a

replacement for floss.

12. Admits the allegations of Paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 13 of the Complaint, except admits that many consumers never or rarely floss.

14. Denies the allegations of paragraph 14 of the Complaint.

15. Admits that Pfizer sponsored two studies, which were reported as follows: K. Bauroth, D.M.D.; C.H. Charles, B.S., R.D.H.; S.M. Mankodi, D.D.S., M.S.D.; K. Simmons, B.S.; Q. Zhao, M.S.; L.D. Kumar, Ph.D., *The efficacy of an essential oil antiseptic mouthrinse vs. dental floss in controlling interproximal gingivitis*, Journal of the American Dental Ass'n, Vol. 134, March 2003, 359-65, and Naresh C. Sharma, D.D.S., B.D.S.; Christine H. Charles, B.S., R.D.H.; Jimmy G. Qaqish, B.S.; H. Jack Galustians, B.S.; Qian Zhao, M.S.; Lori D. Kumar, Ph.D., *Comparative effectiveness of an essential oil mouthrinse and dental floss in controlling interproximal gingivitis and plaque*, Am. J. Dentistry, Vol. 15, No. 6, December 2002, 351-55.

16. Denies the allegations of paragraph 16 of the Complaint, except admits that plaintiff has partially quoted from the reports of the studies, and refers to the reports and studies for the contents thereof.

17. Denies the allegations of paragraph 17 of the Complaint, except admits that plaintiff has partially quoted from the Bauroth study, and refers to the Bauroth study for the contents thereof.

18. Denies the allegations of paragraph 18 of the Complaint, except admits that neither study examined the efficacy of Listerine with respect to severe gingivitis or periodontitis, and refers to the studies for the contents thereof.

19. Denies the allegations of paragraph 19 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

20. Denies the allegations of paragraph 20 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

21. Denies the allegations of paragraph 21 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

22. Denies the allegations of paragraph 22 of the Complaint, and refers to Pfizer's submission to the ADA for the contents thereof.

23. Denies the allegations of paragraph 23 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

24. Denies the allegations of paragraph 24 of the Complaint, except admits that Pfizer had no intention of telling people to stop flossing and that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

25. Denies the allegations of paragraph 25 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

26. Denies the allegations of paragraph 26 of the Complaint.

27. Denies the allegations of paragraph 27 of the Complaint, except admits that beginning in or about June 2004, Pfizer broadcast a television commercial entitled "Big

Bang," and refers to the commercial for the contents thereof.

28. Denies the allegations of paragraph 28 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

29. Denies the allegations of paragraph 29 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

30. Denies the allegations of paragraph 30 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

31. Denies the allegations of paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 32 of the Complaint.

33. Denies the allegations of paragraph 33 of the Complaint, except admits that Pfizer made changes to the television commercial.

34. Denies the allegations of paragraph 34 of the Complaint, except admits that on or about August 13, 2004, Pfizer broadcast a revised Big Bang television commercial and refers to the commercial for the contents thereof.

35. Denies the allegations of paragraph 35 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

36. Denies the allegations of paragraph 36 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial

for the contents thereof.

37. Denies the allegations of paragraph 37 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

38. Denies the allegations of paragraph 38 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

39. Denies the allegations of paragraph 39 of the Complaint.

40. Denies the allegations of paragraph 40 of the Complaint, except admits that Pfizer has published one free-standing insert ("FSI") that contained the "as effective as floss against plaque and gingivitis" claim, used hang tags and shoulder labels on its bottles of Listerine that contained the "as effective as floss against plaque and gingivitis" claim, and that its website for Listerine contained the "as effective as floss against plaque and gingivitis" claim, and refers to the FSI, hang tags, shoulder labels and website for the contents thereof.

41. Denies the allegations of paragraph 41 of the Complaint, except admits that on or about September 15, 2004, Pfizer began airing a second revised Big Bang television commercial, and refers to the commercial for the contents thereof.

42. Denies the allegations of paragraph 42 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

43. Denies the allegations of paragraph 43 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

44.     Denies the allegations of paragraph 44 of the Complaint, except admits that plaintiff has partially quoted from the television commercial, and refers to the commercial for the contents thereof.

45.     Denies the allegations of paragraph 45 of the Complaint.

46.     Denies the allegations of paragraph 46 of the Complaint, except admits that Pfizer has published an FSI and affixed neck tags for Listerine and that plaintiff has partially quoted from the FSI, and refers to the FSI and neck tags for the contents thereof.

47.     Denies the allegations of paragraph 47 of the Complaint, except admits that Pfizer has displayed stickers on Listerine bottles, and refers to the stickers for the contents thereof.

48.     Denies the allegations of paragraph 48 of the Complaint and refers to the circular for the contents thereof.

49.     Denies the allegations of paragraph 49 of the Complaint and refers to the website for the contents thereof.

50.     Denies the allegations of paragraph 50 of the Complaint, except admits that in or about December 2004, Pfizer began running a version of "Big Bang," which refers to Pfizer's new Advanced Listerine, and refers to the commercial for the contents thereof.

51.     Denies the allegations of paragraph 51 of the Complaint, except admits that Bruno and Ridgway Research Associates conducted three consumer surveys, and refers to the surveys for the contents thereof.

52.     Denies the allegations of paragraph 52 of the Complaint and refers to the survey for the contents thereof.

53.     Denies the allegations of paragraph 53 of the Complaint and refers to the

survey for the contents thereof.

54. Denies the allegations of paragraph 54 of the Complaint and refers to the survey for the contents thereof.

55. Denies the allegations of paragraph 55 of the Complaint and refers to the survey for the contents thereof.

56. Admits the allegations of paragraph 56 of the Complaint.

57. Admits the allegations of paragraph 57 of the Complaint and refers to the Lieberman Report for the contents thereof.

58. Denies the allegations of paragraph 58 of the Complaint, except admits that plaintiff has partially quoted from the Lieberman Report, and refers to the document for the contents thereof.

59. Denies the allegations of paragraph 59 of the Complaint and refers to the Lieberman Report for the contents thereof.

60. Denies the allegations of paragraph 60 of the Complaint and refers to the Lieberman Report for the contents thereof.

61. Denies the allegations of paragraph 61 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

62. Denies the allegations of paragraph 62 of the Complaint, except admits that Pfizer's Listerine advertising is based upon two studies, and refers to the advertising and the studies for the contents thereof.

63. Denies the allegations of paragraph 63 of the Complaint and refers to the studies and reports for the contents thereof.

64. Denies the allegations of paragraph 64 of the Complaint, except admits that plaintiff has partially quoted from a document, and refers to the document for the contents thereof.

65. Denies the allegations of paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 67 of the Complaint.

68. Denies the allegations of paragraph 68 of the Complaint.

## COUNT I -- UNJUST ENRICHMENT

69. Reasserts paragraphs 1 through 68 of this Answer as if fully set forth herein.

70. Denies the allegations of paragraph 70 of the Complaint.

71. Denies the allegations of paragraph 71 of the Complaint.

72. Denies the allegations of paragraph 72 of the Complaint, except admits that Pfizer's sales of Listerine in the second half of 2004 increased at least 10% over Pfizer's sales of Listerine in the first half of 2004.

73. Denies the allegations of paragraph 73 of the Complaint.

## COUNT II -- G.L. Chapter 93A, Section 2

74. Reasserts paragraphs 1 through 73 of this Answer as if fully set forth herein.

75. Paragraph 75 of the Complaint makes no factual allegations and therefore requires no response.

76. Paragraph 76 of the Complaint makes no factual allegations and therefore requires no response.

77. Denies the allegations of paragraph 77 of the Complaint, except admits that plaintiff purports to certify a class consisting of all Massachusetts residents who purchased Listerine from June 1, 2004 - present, and states that the allegations in the first sentence of paragraph 77 of the Complaint are legal conclusions to which no response is required.

78. Denies the allegations of paragraph 78 of the Complaint.

79. Denies the allegations of paragraph 79 of the Complaint.

80. Denies the allegations of paragraph 80 of the Complaint.

81. Denies the allegations of paragraph 81, except admits that on January 13, 2005, counsel for plaintiff forwarded a demand for relief to defendant and that said demand for relief was sent via certified mail, return receipt requested and was duly received by defendant, and refers to Exhibit A for the contents thereof.

82. Admits the allegations of paragraph 82 of the Complaint and refers to Exhibit B for the contents thereof, and avers that is it improper for plaintiff to attach Exhibit B to her complaint because the exhibit was for settlement purposes only.

83. Denies the allegations of paragraph 83 of the Complaint.

## DEFENSES

By alleging the following as "defenses," defendant does not admit that it has the burden of proof and/or the burden of persuasion with respect to any of them.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND DEFENSE

Plaintiff cannot recover on her claim because plaintiff suffered no injury as the proximate result of any actions by defendant alleged in the Complaint.

## THIRD DEFENSE

Notwithstanding the claims and contentions in the Complaint, plaintiff received all or substantially all of the benefits from the products at issue that she bargained for when she purchased them, and to that extent any damages and/or restitution that she might be entitled to recover must be correspondingly reduced.

## FOURTH DEFENSE

Plaintiff's claim is barred in whole or in part because plaintiff voluntarily purchased the products at issue with full knowledge of the facts.

## FIFTH DEFENSE

Plaintiff cannot recover on her claim to the extent that she did not timely revoke her acceptance of the products at issue.

## SIXTH DEFENSE

Plaintiff cannot recover on her claim to the extent that her behavior has been inconsistent with any intent to revoke acceptance of her purchase of the products at issue.

## SEVENTH DEFENSE

To the extent plaintiff seeks restitution on behalf of people who used the products at issue and suffered no loss as a result thereof, restitution is unavailable as nothing has been taken from those persons which, in equity, should be restored.

**EIGHTH DEFENSE**

Plaintiff's alleged damages, if any, are barred in whole or in part by her failure to mitigate.

**NINTH DEFENSE**

Plaintiff's claim is barred in whole or in part because plaintiff's alleged damages were the result of intervening or superseding conduct of plaintiff and/or third parties over whom Pfizer had no control.

**TENTH DEFENSE**

To the extent plaintiff seeks relief on behalf of persons who resold the products at issue, plaintiff cannot recover on the claim because these persons' alleged damages, if any, were passed on to third parties.

**ELEVENTH DEFENSE**

To the extent plaintiff purports to assert claims under Massachusetts law based on national television advertising of the products at issue, plaintiff cannot recover on the claims by reason of the Commerce Clause of the United States Constitution.

**TWELFTH DEFENSE**

Plaintiff cannot recover on her claim because all advertisements, packaging and labeling with respect to the products at issue constitute protected commercial speech under the applicable provisions of the United States and Commonwealth of Massachusetts Constitutions.

**THIRTEENTH DEFENSE**

Plaintiff's claim is barred in whole or in part by the doctrines of laches, waiver, and/or estoppel.

### FOURTEENTH DEFENSE

Defendant invokes each and every statutory and common law defense available to it under each law applicable to any claim alleged in the Complaint.

### FIFTEENTH DEFENSE

Defendant invokes each and every constitutional defense available to it under the Constitutions of the United States and Commonwealth of Massachusetts (or similar charter), including, but not limited to, provisions relating to due process, access to the courts, freedom of speech, and limitations on compensatory damages or punitive damages, applicable to any claim alleged in the Complaint.

### SIXTEENTH DEFENSE

Defendant hereby gives notice that it intends to rely upon such other defenses as may become available or apparent during the course of discovery and thus reserves the right to amend this Answer to assert such defenses.

WHEREFORE, Pfizer requests that judgment be entered in its favor and it be awarded its costs, its attorneys' fees and such other relief as the Court may deem proper.

DATED this 1st day of April, 2005.

>Respectfully submitted,
>
>PFIZER INC.
>By its attorneys,
>
>_____
>William M. Cowan, Esquire, BBO #566940
>Dora Kripapuri, Esquire, BBO #654236
>Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C.
>One Financial Center
>Boston, MA  02111
>(617) 542-6000
>
>
>OF COUNSEL:
>
>Thomas A. Smart, Esquire
>Richard A. DeSevo, Esquire
>Kaye Scholer LLP
>425 Park Avenue
>New York, NY  10022
>(212) 836-8000