UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| SHERRY KWAAK, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: 05-10591-WGY |
| PFIZER INC., | ) ) ) | |
| Defendant. | ) ) | |

**PLAINTIFF'S NOTICE OF ADDITIONAL AUTHORITIES IN SUPPORT OF MOTION TO REMAND**

Plaintiff hereby notifies the Court of three relevant court decisions of which plaintiff has become aware since oral argument on plaintiff's motion to remand was held on June 13, 2005. One is a recently-published decision: *Sneddon v. Hotwire Inc.,* 2005 U.S.Dist.LEXIS 13257 (N.D.Cal. June 29, 2005). Two are unpublished decisions: *In re Expedia Hotel Taxes and Fees Litigation,* Case No. C05-0365C (W.D.Wash. April 15, 2005), and *Bush v. Cheaptickets,* Case No. CV 05-2285 (N.D.Cal. May 5, 2005). True copies of the two unpublished decisions are appended hereto as Exhibits A and B, respectively.

These decisions are significant because they are directly on point with the issue before the Court in connection with plaintiff's motion to remand, namely, the meaning of the term "commenced" as used in the Class Action Fairness Act ("CAFA"). Each case squarely supports plaintiff's position that "commenced" refers to the date on which the complaint is first filed in state court. In each case, the court granted plaintiff's motion to remand to state court, holding that

CAFA did not apply because it was enacted on February 18, 2005, after each state court action had been filed and therefore "commenced." Thus, each ruling is consistent with prior authority cited by and relied on by plaintiff in her motion to remand, to wit: *Pritchett v. Office Depot, Inc.*, 404 F. 3d 1232 (10th Cir. April 11, 2005); *Hankins v. Pfizer, Inc.*, CV 05-1797 ABC (RZX)(C.D. Cal. March 25, 2005); *Smith v. Pfizer*, *Inc.*, Case No. 05-CV-0112-MJR (S.D. Ill. March 24, 2005); *Lott v. Pfizer, Inc.*, Case No. 05-CV-0230-MJR (S.D. Ill. April 7, 2005). *See,* also, *Knudsen v. Liberty Mutual Ins. Co.,* 2005 U.S.App. LEXIS 10440 (7th Cir. June 7, 2005).

To counsel's knowledge, nine different courts (including the District Court in *Pritchett*) have thus far issued rulings addressing the proper construction to be given the term "commenced" in CAFA, and all have adopted the construction urged by plaintiff.

Respectfully submitted,
For the plaintiff:

/s/Kenneth D. Quat
BBO 408640
9 Damonmill Square, Suite 4A-4
Concord MA 01742
978-369-0848

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

In re EXPEDIA HOTEL TAXES AND FEES LITIGATION

CASE NO. C05-0365C

ORDER

This matter comes before the Court on Plaintiffs' Motion to Remand (Dkt. No. 19). Plaintiffs seek to remand this case to King County Superior Court on the ground that Defendant's removal of this matter to federal court is improper. The Court has carefully reviewed the materials submitted by the parties. For the following reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand.

In January and early February of 2005, three of the Plaintiffs separately filed class action suits against Expedia and its owner, IAC/InterActiveCorp, in King County Superior Court. Each complaint alleges that Expedia violated the Washington State Consumer Protection Act by levying tax recovery and service fees in connection with hotel reservation transactions. On February 18, 2005, a King County Superior Court judge consolidated the three cases. Also on February 18, President Bush signed the Class

ORDER – 1

Action Fairness Act ("CAFA") into law. Class Action Fairness Act of 2005, Pub. L. No. 109-2 (2005). In part, CAFA expands federal court diversity jurisdiction over class actions to address the fact that most class actions, regardless of their nationwide scope, are currently adjudicated in state courts. S. Rep. No. 109-14, at 4 (2005). On March 7, 2005, Expedia removed the consolidated case to U.S. District Court pursuant to CAFA. Plaintiffs now seek remand of this case to King County Superior Court.

The sole issue raised by Plaintiffs' motion is the proper definition of the term "commence" as it is used in CAFA. Under Defendant's interpretation, the action commenced either on the date that the state court consolidated the three original suits or on the date that Defendant removed the case. Under either of Defendant's interpretations, CAFA would apply because the action would have commenced on or after the Act's February 18 enactment date. Plaintiffs, on the other hand, argue that "commenced" means "filed" and that this consolidated case consists of cases filed entirely before CAFA's effective date. Since the only ground for removal was provided by CAFA, under Plaintiffs' interpretation, remand would be appropriate.

Upon a motion to remand, "[t]he burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix, Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999). There is a strong presumption against federal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. *See Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992). For a civil litigant to secure federal jurisdiction under CAFA, the case must have "commenced" on or after the law's enactment date, February 18, 2005. Class Action Fairness Act § 9. The term "commence" is not defined in the Act. *See id*. District Courts within the Ninth Circuit have found that "in removal cases, 'commencement' is governed by the law of the state in which the action originated." *E.g., O'Brian v. Powerforce*, 939 F. Supp. 774, 777 (D. Haw. 1996); *Perez v. Gen. Packer*, 790 F. Supp. 1464, 1469 (C.D. Cal. 1992); *Corman v. Int'l Playtex*, 713 F. Supp. 1324, 1328 (N.D. Cal. 1989); *see Provenza v. Yamaha Motor Co.*, 295 F. Supp. 2d 1175, 1178 (D. Nev. 2003); *Hom v. Serv. Merch. Co.*, 727 F. Supp. 1343, 1344 (N.D. Cal. 1990); *Rezendez v. Dow Corning*

ORDER – 2

*Co.*, 717 F. Supp. 1435, 1437 (E.D. Cal. 1989). Under Washington law, a civil action is commenced by service of a summons or by filing a complaint. Wash. Civ. R. 3(a); *Seattle Seahawks, Inc. v. King County*, 913 P.2d 375, 376 (Wash. 1996).

The Court finds that Defendant has failed to establish that federal jurisdiction is proper for the following reasons. Although neither the Ninth Circuit nor the Western District of Washington has directly defined "commence" with respect to removal or consolidation, deferring to state law to define this word is consistent with other Ninth Circuit District Court decisions.[1] Under state law, the plain text of Washington's Civil Rule 3(a) indicates that commencement occurs with "filing." The suits giving rise to this consolidated action were all filed before CAFA's enactment date. Moreover, Defendant's reliance on *Jeffery v. Weintraub*, 648 P.2d 914 (Wash. Ct. App. 1982), to argue that this case commenced when the state court consolidated the original cases is misplaced. *Jeffery* only addresses consolidation's impact on the number of judgments and attorney's fees. *See id.* at 921-22. In *Jeffery*, the court considered whether the lower court could award a separate fee for each action underlying a consolidated case. *Id*. The court's statement that consolidation creates a new action was made in the context of finding that the lower court's issuance of separate judgments did not alter the fact that consolidation renders a single judgment. *See id*. at 921. As a result, *Jeffery* is inapposite to the case at the bar. Finally, although CAFA seeks to expand federal diversity jurisdiction, inquiry into Congress' understanding of the term "commence" is uninstructive because CAFA's legislative history provides no definitive guidance. Defendant has failed in its burden of establishing federal jurisdiction. Given the presumption against removal, the Court finds that remand is appropriate.

/ /

---

[1] The Court also notes that Defendant fails to provide either persuasive or mandatory authority for the proposition that the Court should follow federal law to define "commence," and Defendant's argument that federal law dictates that commencement occurs upon removal relies on unpublished decisions and decisions by district courts outside the Ninth Circuit.

ORDER – 3

1   For these reasons, the Court hereby GRANTS Plaintiffs' Motion to Remand and REMANDS this
2   case to King County Superior Court without award of costs or fees.
3   SO ORDERED this 15th day of APRIL, 2005.

        /s/ John C. Coughenour
        UNITED STATES DISTRICT JUDGE

26  ORDER – 4

FILED
CLERK, U.S. DISTRICT COURT
MAY - 5 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

ENTERED
CLERK, U.S. DISTRICT COURT
MAY - 9 2005
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

SCANNED

Priority     ×
Send         ×
Enter        ×
Closed
JS-5/JS-6    ×
JS-2/JS-3
Scan Only

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RONALD BUSH, JULIANNE DYER, JOSH KRAMER, ANA LOPEZ and ASHLEY SALISBURY, On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHEAPTICKETS, INC., CENDANT CORPORATION, EXPEDIA, INC., IAC/INTERACTIVECORP, HOTELS.COM, L.P., HOTELS.COM GP, LLC, ORBITZ, INC., ORBITZ LLC, PRICELINE.COM, INC., TRAVELOCITY.COM, INC., TRAVELOCITY.COM, L.P., JOHN DOES 1-25, inclusive,<br><br>Defendants. | No. CV 05-2285 PA (VBKx)<br><br>ORDER REMANDING ACTION<br><br>THIS CONSTITUTES NOTICE OF ENTRY AS REQUIRED BY FRCP, RULE 77(d).<br><br>DOCKETED ON CM<br>MAY - 9 2005<br>BY            001 |

Before the Court are the parties' responses and supplemental responses to the Court's March 31, 2005 order to show cause why this action should not be remanded to the state court for lack of federal subject matter jurisdiction.

Plaintiffs filed their Complaint on February 17, 2005, in the Superior Court of the State of California for the County of Los Angeles. On March 28, 2005, Defendants Cheaptickets, Inc.; Cendant Corporation; Expedia, Inc.; IAC/Interactive Corp.; Hotels.com,

1  L.P.; Hotels.com GP, LLC; Orbitz, Inc.; Orbitz, LLC; Priceline.com, Inc.; Travelocity.com,
2  Inc.; Travelocity.com, L.P. (collectively, "Defendants") removed the case to the United
3  States District Court for the Central District of California. The Notice of Removal alleges
4  that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of
5  2005, Pub. L. 109-2 (the "Act"). The Act expands the scope of federal diversity jurisdiction
6  by amending 28 U.S.C. § 1332 to include class actions that meet certain criteria. See 28
7  U.S.C. § 1332(d). It also adds 28 U.S.C. § 1453, which authorizes and sets terms for
8  removal of class actions filed in state court that meet the new criteria for diversity
9  jurisdiction.

10  Section 9 of the Act states: "The amendments made by this Act shall apply to any
11  civil action commenced on or after the date of enactment of this Act." Pub. L. 109-2, § 9
12  (emphasis added). The Act was enacted on February 18, 2005, one day after this action was
13  filed in state court.

14  Whether this Court has subject matter jurisdiction depends on the meaning of the
15  word "commenced" in section 9 of the Act. If the Court lacks subject matter jurisdiction, it
16  must remand this action to state court. 28 U.S.C. § 1447(c).

17  At the time this Court issued the order to show cause, the only published decision
18  addressing the meaning of the word "commenced" in section 9 of the Act was the United
19  States District Court for the District of Colorado, which held the word "commenced" refers
20  to the date an action is filed in state court, not the date of its removal. Pritchett v. Office
21  Depot, Inc., 360 F.Supp.2d 1176, 1181 (2005). Since that time, the United States Court of
22  Appeals for the Tenth Circuit has issued a published decision in the same case reaching the
23  same conclusion as the district court. Pritchett v. Office Depot, Inc., __ F.3d __, 2005 WL
24  827158 (10th Cir. Apr. 11, 2005). This Court is in agreement.

25  The starting point for statutory construction is the plain language of the statute.
26  Botosan v. Paul McNally Realty, 216 F.3d 827, 831 (9th Cir. 2000). The verb "commence"
27  is commonly understood as a synonym of "begin." See Oxford English Dictionary, available
28  at http://dictionary.oed.com (defining "commence" as "To begin (an action); to enter upon;

esp. in legal use, to commence an action, a suit, proceedings, etc.") A lawsuit does not "begin" on the date it is removed to federal court; it is already pending by that time. Instead, a lawsuit is deemed to "begin" or "commence" on the date the original complaint is filed. See Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.")

Defendants contend that the broad remedial purpose of the Act requires an expansive definition of "commenced" that includes cases removed after the effective date. This approach, however, ignores the legislative history of the Act. When the Act was first introduced in the House, the removal provision applied not only to cases "commenced" on or after the Act's effective date, but also to cases certified as class actions on or after the effective date. See H.R. 516, 109th Cong. § 7 (2005). This latter category of cases naturally would include cases already pending on the date of enactment. Congress, however, chose to narrow the scope of the removal provision by eliminating this category of cases.

Indeed, comments by legislators who sponsored the bill confirm the Court's conclusion that the word "commenced" refers to the date the complaint is filed rather than the date of the removal. See 151 Cong. Rc. S1080 (daily ed. Feb. 8, 2005) (statement of Sen. Dodd) ("[The Act] does not apply retroactively, despite those who wanted it to. A case filed before the date of enactment will be unaffected by any provision of this legislation."); 151 Cong. Rec. H753 (daily ed. Feb. 17, 2005) (statement of Rep. Goodlatte) ("Since the legislation is not retroactive, it would have absolutely no effect on the 75 class actions already filed against Merck in the wake of the Vioxx withdrawal.")

Given the Act's plain language and legislative history, this Court agrees with the Tenth Circuit that the word "commenced" in section 9 of the Act refers to the date the complaint is filed, not the date of its removal. As this action was commenced prior to the Act's effective date, this Court lacks federal subject matter jurisdiction. Accordingly, the Court remands the action to the Superior Court of the State of California for the County of Los Angeles. See 28 U.S.C. § 1447(c).

. . . .

. . . .

Because the courts were divided on the meaning of the word "commenced" in earlier jurisdictional statutes,[1/] and arguable support therefore existed for defendants' position, the Court denies plaintiffs' request for attorneys' fees and costs resulting from the removal. See Moore v. Permanente Medical Group, 981 F.2d 443, 448 (9th Cir. 1992) (finding that "[a]n award of attorney's fees pursuant to section 1447(c) . . . is within the discretion of the district court.").

IT IS SO ORDERED.

DATED: May 5, 2005

Percy Anderson
UNITED STATES DISTRICT JUDGE

---

[1/] Compare Kieffer v. Travelers Fire Ins. Co., 167 F.Supp. 398, 401 (D.Md. 1958) (holding the word "commenced" in an amendment to the diversity statute that raised the amount-in-controversy requirement referred to the date of the complaint's filing rather than the date of its removal) with Lorraine Motors, Inc. v. Aetna Cas. & Sur. Co., 166 F.Supp. 319, 323-24 (E.D.N.Y. 1958) (reaching the opposite conclusion).

-4-